UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BRITTANY ANN HARTLE<br><br>　　　　　　Defendant. | Case No. 4:16-cr-00233-BLW-1<br><br>**REPORT AND**<br>**RECOMMENDATION** |

　　　　On February 28, 2017, Defendant Hartle appeared before the undersigned United States Magistrate Judge to enter a change of plea to Count Four in the Indictment pursuant to a written plea agreement. (Dkt. 18.) The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government, while acknowledging the mandatory detention provision in Section 3143(a)(2), did not object to continuation of release and indicated unawareness of any violations of release conditions after the time its Motion for Detention was withdrawn at the time of Defendant's arraignment and she was released on strict conditions, including third party custodial relationship with Defendant's mother, imposed by the undersigned on October 4, 2016. (Dkt. 11.)

The exceptional reasons shown by Defendant include her young age (20); her lack of criminal history and an agreement by the Government that Defendant meets the criteria for "safety valve" in subdivisions (1) to (5) of USSG Section 5C1.2(a) and a 2-level reduction under Section 2D1.1(b)(17) as provided in the plea agreement; her impending employment; and the supportive home environment with her parents and several siblings in Sugar City. Conditioned upon Defendant passing a urinalysis test for the presence of controlled substances immediately after the plea hearing, the Court finds the unique collective circumstances in this case constitute exceptional reasons why

REPORT AND RECOMMENDATION - 2

detention at this time would not be appropriate. Further, the Court finds continued release on the strict combination of conditions imposed October 4, 2016, should reasonably assure Defendant does not pose a risk of nonappearance or a risk of danger to the community pending imposition of sentencing.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Hartle's plea of guilty to Count Four of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Hartle's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 18);

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One, Two, Three, Five, and Six of the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release subject to the conditions of release imposed October 4, 2016 (Dkt. 11), as slightly amended February 28 and re-acknowledged by Defendant and her mother.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 28, 2017

*(signature)*
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4